UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GOODWIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-cv-2556-RLW |
| CAROL JACKSON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court upon the motion of plaintiff Michael Goodwin for leave to proceed herein in forma pauperis. Upon consideration of the financial information provided with the motion, the Court has determined that plaintiff is financially unable to pay the filing fee. Therefore, the motion will be granted. Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff titles his complaint "Felony Obstruction of Court Orders U.S. Code Chapter 73-1509." The named defendants are Carol Jackson, a retired United States District Judge for the Eastern District of Missouri, and Richard Sindel, an attorney. Plaintiff's allegations stem from criminal proceedings in which he was a defendant. Plaintiff states that he "is bringing this charge of Felony obstruction of court orders against Judge Carol Jackson because the U.S. Court of Appeals ordered the district court to explain how [his] sentence was calculated without using crack," and Judge Jackson denied his request for exoneration of his conviction due to a defective indictment. (Docket No. 1 at 3). Plaintiff alleges that Mr. Sindel was appointed as his attorney but withdrew from the case, and that he "obstructed court orders" because, had he accepted his

appointment, he could have presented certain arguments on his behalf. *Id.* at 4-5. Plaintiff also alleges that Mr. Sindel "should have come to argue for [plaintiff's] early release due to his understanding of the plea agreement between his client and the government but refused his appointment." *Id.*

For his prayer for relief, plaintiff asks this Court to "hold Judge Carol Jackson accountable along with attorney Richard Sindel by charging them with Felony Obstruction of Court Orders in [plaintiff's] case." *Id.*

## Discussion

This Court cannot, as plaintiff requests, compel a criminal prosecution. *See Ray v. Dep't of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981) ("It is well settled that initiation of federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion") (citations omitted). Furthermore, it is axiomatic that plaintiff, as a private citizen, does not have a constitutional right or any other basis to compel a criminal investigation or have another person prosecuted for a crime. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Therefore, to the extent the complaint requests that a criminal investigation and/or prosecution be initiated against the defendants, the complaint will be dismissed.

To the extent plaintiff can be understood to bring a civil lawsuit against Judge Jackson, the complaint is frivolous and subject to dismissal. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in complete absence of all jurisdiction.'" *Penn v. United*

3

*States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). In this case, Judge Jackson's allegedly unlawful actions were judicial in nature, and as a United States District Judge in the Eastern District of Missouri, she took such judicial action pursuant to that court's jurisdiction granted to it by the United States Constitution. *See* U.S. CONST. art. III. Finally, to the extent plaintiff can be understood to bring a civil lawsuit against Mr. Sindel, the complaint fails to state a claim upon which relief can be granted. Plaintiff does not allege that Mr. Sindel withdrew absent leave of court, and because he was not plaintiff's attorney, he was under no obligation to represent him in court or present argument on his behalf. For the foregoing reasons, this case will be dismissed pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of November, 2017.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE